LODGED
CLERK, U.S. DISTRICT COURT
2/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ asi _____ DEPTUY

1   JOSEPH T. MCNALLY
    Acting United States Attorney
2   LINDSEY GREER DOTSON
    Assistant United States Attorney
3   Chief, Criminal Division
    ALEXANDER H. TRAN (Cal. Bar No. 338940)
4   Assistant United States Attorney
    General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-0758
7        Facsimile: (213) 894-0141
         E-mail:    alexander.tran@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT
02/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ KL _____ DEPUTY

10                  UNITED STATES DISTRICT COURT

11              FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,          No. 2:25-mj-00528-DUTY

13            Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                        DETENTION
14                 v.

15   RICARDO REYNOSO-GARCIA,

16            Defendant.

17

18        Plaintiff, United States of America, by and through its counsel

19   of record, hereby requests detention of defendant and gives notice of

20   the following material factors:

21   ☐   1.   Temporary 10-day Detention Requested (§ 3142(d)) on the

22             following grounds:

23        ☐   a.   present offense committed while defendant was on release

24             pending (felony trial),

25        ☐   b.   defendant is an alien not lawfully admitted for

26             permanent residence; and

27

28

1      ☐  c.   defendant may flee; or

2      ☐  d.   pose a danger to another or the community.

3  ☒  2.   Pretrial Detention Requested (§ 3142(e)) because no

4           condition or combination of conditions will reasonably

5           assure:

6      ☒  a.   the appearance of the defendant as required;

7      ☒  b.   safety of any other person and the community.

8  ☐  3.   Detention Requested Pending Supervised Release/Probation

9           Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.

10          § 3143(a)):

11     ☐  a.   defendant cannot establish by clear and convincing

12             evidence that he/she will not pose a danger to any

13             other person or to the community;

14     ☐  b.   defendant cannot establish by clear and convincing

15             evidence that he/she will not flee.

16  ☐  4.   Presumptions Applicable to Pretrial Detention (18 U.S.C.

17          § 3142(e)):

18     ☐  a.   Title 21 or Maritime Drug Law Enforcement Act ("MDLEA")

19             (46 U.S.C. App. 1901 et seq.) offense with 10-year or

20             greater maximum penalty (presumption of danger to

21             community and flight risk);

22     ☐  b.   offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or

23             2332b(g)(5)(B) with 10-year or greater maximum penalty

24             (presumption of danger to community and flight risk);

25     ☐  c.   offense involving a minor victim under 18 U.S.C.

26             §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,

27             2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

28

2260, 2421, 2422, 2423 or 2425 (presumption of danger
to community and flight risk);

☐ d.   defendant currently charged with an offense described
in paragraph 5a - 5e below, AND defendant was
previously convicted of an offense described in
paragraph 5a - 5e below (whether Federal or
State/local), AND that previous offense was committed
while defendant was on release pending trial, AND the
current offense was committed within five years of
conviction or release from prison on the above-
described previous conviction (presumption of danger to
community).

☒ 5.   Government Is Entitled to Detention Hearing Under § 3142(f)
If the Case Involves:

☐ a.   a crime of violence (as defined in 18 U.S.C.
§ 3156(a)(4)) or Federal crime of terrorism (as defined
in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum
sentence is 10 years' imprisonment or more;

☐ b.   an offense for which maximum sentence is life
imprisonment or death;

☐ c.   Title 21 or MDLEA offense for which maximum sentence is
10 years' imprisonment or more;

☐ d.   any felony if defendant has two or more convictions for
a crime set forth in a-c above or for an offense under
state or local law that would qualify under a, b, or c
if federal jurisdiction were present, or a combination
or such offenses;

☐    e.    any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒    f.    serious risk defendant will flee;

☐    g.    serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐ 6.    Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//
//
//
//
//
//

☐    7.    Good cause for continuance in excess of three days exists in

that:

_____

_____

_____

_____

_____

Dated: February 6, 2025            Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division


_____/s/ *Alexander H. Tran*_____
ALEXANDER H. TRAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA